No. 19,435.

CONRAD H. BURBACH *v.* HARRY C. TINSLEY, WARDEN.

(354 P. [2d] 170)

Decided July 11, 1960.

Plaintiff in error, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. ROBERT G. PIERCE, Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE SUTTON delivered the opinion of the Court.

IN September of 1958 Burbach was charged in the District Court of Mesa County, Colorado, with the crime of forgery. He was represented by court appointed counsel, entered a plea of guilty, and was sentenced to the state penitentiary for a term of not less than five nor more than ten years.

In March of 1960 he filed a petition for a writ of habeas corpus. Said petition was denied. Here by writ of error, he challenges the ruling of the trial court which denied his petition without formal hearing. A review of the record of the 1958 proceedings, which has been included in the record certified to this court, convinces us that the grounds urged as entitling Burbach to a writ of habeas corpus are without merit, and that the denial thereof was proper.

Burbach contends that the trial court failed to comply with the mandatory provisions of C.R.S. '53, 39-7-8, prior to pronouncing sentence, consequently that it was without jurisdiction and the judgment and sentence imposed void. This particular provision of our statutes deals with certain procedures that are to be followed by trial courts where the accused enters a plea of guilty. The language relied upon by Burbach for reversal is the following: "In all cases where the court possesses any discretion as to the punishment, it shall be the duty of the court to examine witnesses as to the aggravation and mitigation of the offense."

The record before us discloses that the court did, prior to imposing sentence, hear witnesses who testified in mitigation of the offense charged. In addition the accused took the stand and testified in his own behalf, and though charged with only forging one check confessed several similar forgeries. He then attempted to mitigate

the severity of his crimes by asserting that he at all times intended to repay the money that he had obtained as a result of the forgeries. This testimony was corroborated by the testimony of the accused's brother-in-law. Defendant had ample opportunity to call such additional witnesses as he saw fit but did not choose to do so. The record also indicates that the statutory pre-sentence report was before the court for its use in determination of the proper sentence. All of this procedure was more than adequate to satisfy the requirements of the quoted provision of C.R.S. '53, 39-7-8.

The judgment is affirmed.

MR. JUSTICE DAY not participating.